IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 19-CR-10-CVE-2 |
| LEWIS ONEAL CLARK, III, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Before the Court is Defendant Lewis Clark's Motion to Quash Warrant and Dismiss Revocation Action for Lack of Subject Matter Jurisdiction ("Motion to Quash and Dismiss") (ECF No. 286), which was referred by United States District Judge Claire Eagan for report and recommendation. For reasons explained below, the undersigned recommends the Motion to Quash and Dismiss be DENIED.

**I.    Procedural History**

On November 1, 2019, Defendant was sentenced to thirty months imprisonment and a one-year term of supervised release. Defendant commenced his term of supervised release on August 31, 2022, and it was set to expire on August 30, 2023.

**A.    Petition and First Warrant – 11/22/22**

On November 22, 2022, the district judge ordered the issuance of an arrest warrant for Defendant ("first warrant"), based on a Petition for Warrant for Offender Under Supervision ("petition") signed by United States Probation Officer Danielle Hunt ("Hunt"). The petition alleges four violations. First, the petition alleges violation of mandatory condition 1 requiring Defendant not to commit another crime, based on Defendant being charged with larceny of a motor vehicle in Payne County District Court on November 7, 2022. Second, the petition alleges

violation of standard condition 6 requiring Defendant to allow the probation officer to visit his home or elsewhere, based on Defendant absconding from supervision on or around November 2, 2022. According to the petition, Defendant's roommate told Hunt that Defendant was no longer living at the approved residence, Hunt made multiple unsuccessful attempts to contact Defendant, and Defendant did not respond to voice messages or texts. Third, the petition alleges violation of standard condition 7 requiring Defendant to work full time, based on Defendant's failure to provide any employment verification. Fourth, the petition alleges violation of special condition 2 requiring drug and alcohol treatment, based on Defendant's failure to submit urine samples on five occasions in October and November 2022. Defendant was not located and remained a fugitive from supervision until February 2024.

### B.     Superseding Petition and Second Warrant – 2/20/24

On February 20, 2024, the district judge ordered the issuance of a second arrest warrant ("second warrant"), based on a superseding Petition for Warrant for Offender Under Supervision ("superseding petition"). The superseding petition alleges five violations. The third, fourth, and fifth alleged violations are identical to the second, third, and fourth violations in the petition. The first alleged violation is the same, but includes new criminal conduct occurring between November 28, 2022, and December 16, 2023. Specifically, the superseding petition alleges Defendant committed the crimes of threatening an act of violence, unauthorized use of a vehicle, domestic assault and battery with a dangerous weapon, domestic assault and battery second offense, and third-degree burglary. The second alleged violation is of standard condition 10 prohibiting possession of a firearm, based on Defendant possessing a handgun on or around December 17, 2023. Therefore, the superseding petition alleges violations occurring both before and after August 30, 2023, the original expiration date of Defendant's term of supervised release.

    C.      **Defendant's Federal Arrest – 2/28/24**

On February 22, 2024, the U.S. Marshal returned the first warrant unexecuted "due to superseding petition and warrant issued 02/20/24." ECF No. 279. On February 28, 2024, Defendant was arrested and made his initial appearance on the revocation proceeding. On March 1, 2024, the U.S. Marshal returned the second warrant executed. ECF No. 285.

**II.    Motion to Quash and Dismiss**

On March 2, 2024, Defendant moved to quash the second warrant and dismiss the superseding petition. Defendant argues the court lacks subject matter jurisdiction to revoke the term of supervised release, because the district judge issued the second warrant after expiration of Defendant's term of supervised release. ECF No. 286 at 3 (arguing court lacks jurisdiction because "not only do several of the alleged violations occur after the time period of supervision has expired, but [] the warrant was not issued until six months after" supervision expired). The United States argues that Defendant's period of supervised release has not expired, and that "his term of supervised release was still active when the superseding petition and arrest warrant were filed on February 20, 2024." ECF No. 293 at 5. In support of this argument, the United States relies exclusively on the doctrine of fugitive tolling.[1]

The undersigned recommends denying the motion in its entirety. First, pursuant to 18 U.S.C. § 3581(i), the court preserved its jurisdiction to revoke Defendant's term of supervised release for violations occurring before August 30, 2023, whether alleged in the petition or superseding petition, by issuing the first warrant on November 22, 2022. Second, pursuant to the

---

[1] The undersigned agrees with the United States' argument regarding fugitive tolling. *See infra* n.3. However, the undersigned recommends relying on statutory jurisdiction to the extent possible, and alternatively relying on the doctrine of fugitive tolling only to the extent the statute does not apply. *See infra* Part II.A and n.3.

common law doctrine of fugitive tolling, the court has jurisdiction to revoke Defendant's term of supervised release for any violations occurring after August 30, 2023.

### A. Court Has Jurisdiction to Revoke Term of Supervised Release for Any Pre-August 30, 2023, Violations Pursuant to 18 U.S.C. § 3581(i)

The supervised release statutory scheme provides for a period of "delayed revocation." That statute provides in relevant part:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary *for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.*

18 U.S.C. § 3583(i) (emphasis added). This statute preserves a court's jurisdiction to revoke a term of supervised release *after* the term expires, so long as a warrant or summons is issued *before* the term expires. *See United States v. Arreola*, No. CR 03-2411 MV, 2006 WL 8444142, at *2 (D.N.M. June 1, 2006) ("Courts examining the plain language of § 3583(i) have consistently concluded that as long as a warrant is issued during the term [of supervised release], the warrant preserves the court's jurisdiction even after the term expires for purposes of proceeding with revocation.") (collecting cases). This preservation of jurisdiction extends to "adjudication of matters arising before" expiration of the term, *i.e.*, violations occurring before expiration. 18 U.S.C. § 3583(i). This preservation extends to any violations occurring before expiration, even if alleged for the first time in an amended petition filed after expiration. *See United States v. Naranjo*, 259 F.3d 379, 383 (5th Cir. 2001) (holding that, so long as court issues a pre-expiration warrant or summons, court may base revocation on other pre-expiration violations first alleged in a post-expiration petition).

In this case, the district judge issued a timely "preservation" warrant on November 22, 2022, well before the August 30, 2023, expiration, as required by 18 U.S.C. § 3581(i). Ordinarily,

this would clearly preserve the court's jurisdiction to revoke after August 30, 2023, for any pre-expiration violations. In his motion, Defendant wholly ignores the existence of the first warrant and focuses exclusively on the second warrant. Defendant appears to contend that, because the first warrant was returned "unexecuted," the court cannot rely on the delayed revocation scheme in § 3583(i) to exercise jurisdiction over the superseding petition.

The undersigned rejects this argument and concludes that the first warrant preserved jurisdiction for any pre-August 30, 2023, violations alleged in either the petition or superseding petition, pursuant to § 3581(i). The first warrant was never dissolved or recalled by the district judge. The district judge took the requisite action to preserve the court's jurisdiction to revoke, regardless of which warrant the U.S. Marshal elected to serve in effectuating Defendant's arrest. The undersigned did not locate, and Defendant did not cite, any legal authority indicating that issuance of a second warrant eviscerates the "preservation" impact of a first warrant under § 3581(i). As a matter of policy, Defendant should not obtain a windfall simply because the district judge issued a second warrant premised on further violations. The crucial fact, for purposes of § 3581(i), is that the district judge issued a valid warrant prior to expiration of the supervised release term. The undersigned concludes, without resort to fugitive tolling and based solely on 18 U.S.C. § 3583(i), the court preserved its jurisdiction to revoke Defendant's supervised release for all violations occurring prior to August 30, 2023, whether alleged in the petition or superseding petition. *See Naranjo*, 259 F.3d at 383 (concluding that first warrant "preserved the court's jurisdiction, after the term expired, to proceed with revocation on the basis of the second amended petition" for any offenses committed during term of supervised release).

### B. Court Has Jurisdiction to Revoke Term of Supervised Release for Any Post-August 30, 2023, Violations Pursuant to Fugitive Tolling Doctrine

The supervised release statutes "do not address the court's authority to adjudicate a charge that the defendant absconded during the supervised-release period and while a fugitive committed a prohibited act after the scheduled end of the period." *United States. v. Barinas*, 865 F.3d 99, 107 (2d Cir. 2017). However, circuit courts have applied a common law doctrine of fugitive tolling to affirm revocations based on post-expiration violations occurring while a defendant remained a fugitive from supervision. *See Barinas*, 865 F.3d at 457-58 (holding that court did not err in adjudicating violation occurring after expiration of supervised release term while defendant was fugitive) (reasoning that fugitive tolling for this purpose was "consistent with the traditional principle that an absconder should not benefit from his fugitivity"); *United States v. Buchanan*, 638 F.3d 448, 455-58 (4th Cir. 2011) (holding court had authority to revoke for violations occurring during thirteen-year period of fugitive status based on doctrine of fugitive tolling) (reasoning that a contrary result would "thwart congressional intent" and "potentially reward an absconder for his misconduct"). *See also generally* Carey R. Field, *Charging Congress with Change: Applying the Fugitive Tolling Doctrine to Supervised Release*, 127 Penn St. L. Rev. 599, 625 (2023) (explaining that "majority of circuit courts to address the issue have found that the fugitive tolling doctrine applies to supervised release" and summarizing specific holdings of each circuit) (urging Congress to add fugitive tolling provision to Sentencing Reform Act).

The *Buchanan* court recognized some tension between tolling, *i.e.*, stopping the clock on the supervised release term, but still holding the defendant responsible for violations committed while a fugitive. However, the court explained:

> When a defendant absconds while on supervised release, his absence precludes the sentencing court from exercising supervision over him. Tolling is necessary in that instance to ensure that, upon being apprehended, the defendant will be subject to

6

> judicial supervision for a complete term. *However, that does not mean that a defendant who has absconded thereby nullifies the terms and conditions of the supervised release order during his flight.* Rather, the terms and conditions remain in effect, and the fugitive-defendant is not at liberty to embark on a "holiday" from them. To the extent that this result may seem harsh, it is the defendant's own misconduct which creates it.

*Buchanan*, 638 F.3d at 458 (emphasis added). Thus, the fugitive tolling doctrine prevents a defendant from reaping any benefits from absconding supervision, including receiving credit toward a supervised release term or avoiding liability for post-expiration violations committed while a fugitive.

The Tenth Circuit has not directly adopted fugitive tolling in a published decision addressing supervised release. However, based on the court's reasoning in the unpublished decision of *United States v. Gomez-Diaz*, 415 Fed. App'x 890, 894 (10th Cir. 2011), the undersigned predicts the Tenth Circuit would adopt the fugitive tolling doctrine and permit revocation for the post-August 30, 2023, violations charged in the superseding petition. In *Gomez-Diaz*, the defendant had served only sixteen months of a thirty-six-month term of supervised release when an arrest warrant was issued based on violations, but his "whereabouts remained unknown." *Id.* at 892. In March 2004, federal authorities learned that the defendant was incarcerated with the Nevada Department of Corrections for another criminal conviction, and they lodged a detainer with that department. *Id.* The defendant sought to vacate the detainer against him and terminate his supervised release. *Id.* at 893. The defendant argued he fully served his thirty-six months of supervised release because the term had expired in May 2003. *Id.* The court held that the defendant's absence tolled his term of supervised release until his return to federal custody and supervision. *Id.* at 894. Therefore, any revocation proceeding would occur within his term of supervised release, as tolled by the defendant's own "wrongful conduct." *Id.* Although the court did not address the precise issue of violations occurring after expiration of a supervised

7

release term while a defendant is a fugitive, the court's reasoning that a defendant should not reap benefits from his own "wrongful conduct" supports the undersigned's conclusion. *Id.*[2]

The undersigned agrees with the reasoning of the Second and Fourth Circuit Court of Appeals and predicts such reasoning would be adopted by the Tenth Circuit. Therefore, based on the doctrine of fugitive tolling, the court has jurisdiction to revoke for post-August 30, 2023, violations occurring while Defendant was a fugitive from supervision.[3]

C.   **Recommendation**

The undersigned recommends that the Motion to Quash or Dismiss (ECF No. 286) be DENIED. The court has jurisdiction to revoke under 18 U.S.C. § 3583(i) for any pre-August 30, 2023, violations, because the district judge issued a timely preservation warrant. The court has jurisdiction to revoke for any post-August 30, 2023, violations, based on the doctrine of fugitive tolling.

**OBJECTIONS**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written

---

[2] The *Gomez-Diaz* court cited the published decision of *United States v. Martin*, 786 F.2d 974, 975-76 (10th Cir.1986), which applied the concept of tolling to a term of probation. *Martin* was decided before Congress' adoption of the Sentencing Reform Act and its supervised release scheme. Nonetheless, *Martin* also supports the principle that a defendant is not entitled to credit or benefits "because of his own wrongful act." *Id.* at 975.

[3] As explained in Part II.A, the undersigned gives effect to the first warrant for purposes of § 3581(i) statutory jurisdiction. Notably, courts have also applied the fugitive tolling doctrine to permit revocation even where no valid warrant issued prior to expiration of the supervised release term, reasoning that a later warrant was filed timely within the "tolled" term of supervised release. *See, e.g., United States v. Delamora*, 451 F.3d 978, 980 (9th Cir. 2006) (affirming revocation on petition and warrant filed after expiration of supervised release term based on fugitive tolling doctrine, where first warrant was based on unsworn allegations and therefore invalid). Thus, the fugitive tolling doctrine provides an alternative basis for exercising jurisdiction over all violations in the petition and superseding petition, if the first warrant is deemed void or without effect.

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within one week by **March 21, 2024**.[4]

If specific written objections are timely filed, Federal Rule of Civil Procedure 72(b)(3) directs the district judge to

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

**SUBMITTED** this 14th day of March, 2024.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[4] The undersigned expedites the objection period, because Defendant is delaying his detention hearing pending a ruling on these issues.