UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CR-0010-002-CVE |
| ) | |
| LEWIS ONEAL CLARK, III, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the report and recommendation (Dkt. # 298) of the magistrate judge recommending that the Court deny defendant Lewis Clark's motion to quash warrant and dismiss revocation action for lack of subject matter jurisdiction (Dkt. # 286). Defendant Lewis Oneal Clark, III asks the Court to dismiss the superseding petition for warrant for offender under supervision (Dkt. # 277), because the superseding petition was filed after defendant's term of supervised release had already expired. Plaintiff responds the defendant's term of supervised release was tolled while he intentionally avoided supervision and, under the fugitive tolling doctrine, defendant's supervised release can be revoked for violations of his conditions of supervised release that occurred after his term of supervised release would have expired on August 30, 2023.

On November 4, 2019, defendant was sentenced to 30 months imprisonment and one year of supervised release after pleading guilty to one count of unlawfully using a communication facility in violation of 21 U.S.C. § 843(b). Defendant completed his sentence of imprisonment and he began serving his one year term of supervised release on August 31, 2022. On November 22, 2022, the undersigned issued an arrest warrant based on a petition prepared by the United Stated Probation Office alleging that defendant had violated four conditions of his supervised release. Dkt. # 273.

First, the petition alleges that defendant violated mandatory condition 1 by committing another crime, specifically larceny of a motor vehicle in Payne County, Oklahoma. Dkt. # 273, at 1-2. Second, defendant allegedly violated standard condition 6 by changing his residence without notifying the probation office, and the probation office was unable to locate defendant when the petition was filed. Id. at 2. Third, defendant failed to provide employment verification at any time during his term of supervised release as required by standard condition 7. Id. Fourth, defendant violated special condition 2 by failing to submit to drug testing. Defendant could not be located and he remained a fugitive until February 2024.

On February 20, 2024, the undersigned issued a second arrest warrant for defendant based on a superseding petition for warrant of offender under supervision. Dkt. # 277. The superseding petition alleges five violations of the conditions of defendant's supervised release. Id. The third, fourth, and fifth violations in the superseding petition correspond to the second, third, and fourth violations in the original petition. The first violation of the superseding petition includes the allegation from the original petition that defendant committed the offense of larceny of a vehicle, but the superseding petition also alleges that defendant committed additional offenses between November 28, 2022 and January 5, 2023. The superseding petition alleges that defendant committed the offenses of threatening an act of violence, unauthorized use of a vehicle, domestic assault and battery with a dangerous weapon, and burglary in the third degree. The second violation of the superseding petition alleges that defendant violated standard condition 10 by possessing a firearm on December 17, 2023. Id. at 3.

On February 22, 2024, the United States Marshal returned the warrant on the original petition as "[u]nexecuted due to Superseding Petition and warrant issued 02/20/24." Dkt. # 279. Defendant

was arrested on the second arrest warrant on February 28, 2024, and he made his initial appearance on the superseding petition on the same day. Defendant filed a motion to quash or dismiss the superseding petition, and defense counsel states that he was unaware of the original petition that had been filed in November 2022. Dkt. # 302, at 1. Defendant argues that the Court lacks subject matter jurisdiction over all of the violations alleged in the superseding petition, because the second superseding petition was filed after defendant's term of supervised release had already expired. Dkt. # 286.

The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommends that the Court deny defendant's motion. Relying on 18 U.S.C. § 3583(i), the magistrate judge determined that the Court has jurisdiction over the violations in the original petition, because the petition and warrant were filed before defendant's term of supervised release expired. Dkt. # 298, at 4. Defendant was not arrested on the warrant for the original petition, but the petition and warrant preserved the Court's jurisdiction over the violations alleged in the original petition. Id. at 4-5. As to the superseding petition, plaintiff argued that the Court could exercise jurisdiction over violations that occurred after August 30, 2023 under the fugitive tolling doctrine, which prevents a defendant from receiving credit toward the completion of his term of supervised release while he has absconded or avoided supervision. Id. at 6-7. The magistrate judge agreed that the Tenth Circuit would likely adopt the fugitive tolling doctrine and recommends that the Court exercise jurisdiction over all of the violations alleged in the superseding petition. Id. at 8.

The supervised release statutes specifically consider the situation raised by enforcement of the original petition. Section 3583(i) provides that:

3

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i). The Court issued a warrant for defendant's arrest before his term of supervised release expired, but the warrant could not be executed due to defendant's failure to notify the probation office of his address or otherwise maintain contact with his probation officer. The statute plainly allows for the delayed enforcement of a warrant issued during the term of supervised release but not executed until the term of supervised release would have been completed. The warrant for the original petition preserves the Court's jurisdiction over the alleged violations that occurred before the term of supervised release expired, and the Court can revoke defendant's supervised release based on the allegations of the original petition.

The statute does not deal with the situation presented by the superseding petition, which is that defendant is charged with additional violations of the conditions of his supervised release that occurred while he was a fugitive and the violations occurred after his original term of supervised release would have expired. Defendant argues that the Court lacks jurisdiction over the violations alleged in the superseding petition, because the second warrant was not issued or served before his term of supervised release expired and some of the alleged violations occurred after the term of supervised release had already expired. Defendant cites United States v. Wilkerson, 2023 WL 5564948 (D.N.M. Aug. 29, 2023), in which the district court rejected the doctrine of fugitive tolling. Plaintiff responds that defendant absconded from supervision and committed violations of the conditions of his supervised release while he was a fugitive, and plaintiff argues that the Tenth

Circuit would likely adopt the doctrine of fugitive tolling that would allow the Court to exercise jurisdiction over all of the violations alleged in the superseding petition.

The purpose of supervised release is to "ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." Johnson v. United States, 529 U.S. 694, 709 (2000). However, the supervised release statutes "do not address the court's authority to adjudicate a charge that the defendant absconded during the supervised-release period and while a fugitive committed a prohibited act after the scheduled end of the period." United States v. Barinas, 865 F.3d 99, 107 (2d Cir. 2017). Some courts have applied the common law doctrine of fugitive tolling in situations when a defendant has absconded from supervision and committed violations of conditions of his supervision after his term of supervised release was set to expire. United States v. Island, 916 F.3d 249, 254 (3d Cir. 2019) ("Because the fugitive tolling doctrine helps realize the design and purpose of supervised release, we join the majority of circuits to have considered the question and recognize a supervised release term tolls while a defendant is of fugitive status"); Barinas, 865 F.3d at 109 ("While we do not read § 3583(i) itself as authorizing the tolling of the supervised-release period based on the defendant's fugitive status, we conclude that such tolling is consistent with the traditional principles that an absconder should not benefit from his fugitivity and is consistent with Congress's sentencing scheme of supervision to facilitate the defendant's transition to a law-abiding life in free society."); United States v. Buchanan, 638 F.3d 448 (4th Cir. 2011) (holding that failing to adopt fugitive tolling in the context of supervised release would allow defendants to serve less than their whole term of supervised release and would "potentially reward an absconder for his

misconduct"); United States v. Murguia-Oliveros, 421 F.3d 951, 955 (9th Cir. 2005) ("A person on supervised release should not receive credit against his period of supervised release for time that, by virtue of his own wrongful act, he was not in fact observing the terms of his supervised release"). The First Circuit has rejected the fugitive tolling doctrine in the context of supervised release due to a lack of statutory support. United States v. Hernandez-Ferrer, 599 F.3d 63 (1st Cir. 2010).

The fugitive tolling doctrine derives from the well-accepted legal principle that a criminal defendant does not receive credit for a term of imprisonment, probation, or other forms of punishment when the defendant has absconded or become a fugitive. Barinas, 865 F.3d at 108. In addition to tolling the term of supervised release, the Fourth Circuit has explained that the conditions of supervised release remain in effect while a defendant is a fugitive from supervision, because the "fugitive-defendant is not at liberty to embark on a 'holiday' from them." Buchanan, 638 F.3d at 458. The Tenth Circuit has not issued a published decision adopting the fugitive tolling doctrine in the context of supervised release, but the Tenth Circuit has ruled that a term of probation is tolled while a defendant is a fugitive. United States v. Martin, 786 F.2d 974 (10th Cir. 1986). In United States v. Gomez-Diaz, 415 F. App'x 890 (10th Cir. 2011), the Tenth Circuit stated that a defendant "is not entitled to credit against his term of supervised release for the period he was not under federal supervision due to 'his own wrongful act[s].'"[1] Id. at 894.

---

[1] The Court notes that Gomez-Diaz is an unpublished decision that cannot be treated as binding precedent, but it may have persuasive value. 10th Cir. R. 32.1(A). Defendant argues that Gomez-Diaz is distinguishable from his case in many significant aspects, and defendant is correct that Gomez-Diaz does not concern the tolling of a term of supervised release to address violations after the original term of supervised release has expired. Dkt. # 302, at 6. However, the general principle that a defendant's term of supervised release is tolled while he has avoided or is unable to serve supervised release is consistent with Martin, and Gomez-Diaz is persuasive authority suggesting that the Tenth Circuit would adopt the fugitive tolling rule in the context of supervised release.

Defendant relies on Wilkerson, in which the district court rejected the doctrine of fugitive tolling due to a lack of a statutory basis for the doctrine, and the district court also suggested that fugitive tolling was a "complicated" rule that would be difficult to apply in many situations. Wilkerson, 2023 WL 5564948 at *7. However, the court in Wilkerson ultimately affirmed its decision to sentence defendant for violations of the conditions of his supervised release on other grounds, and its decision on the issue of fugitive tolling had no impact on the defendant's revocation sentencing. There is also nothing complicated about the application of the fugitive tolling rule in this case. The original petition was filed on November 22, 2022, and one of the alleged violations was that defendant changed his residence without notifying the probation officer and the probation officer was unable to locate defendant. Dkt. # 273, at 2. In other words, the original petition provides a sufficient factual basis to establish the date on which defendant became a fugitive, and the application of the fugitive tolling doctrine would not require the Court to speculate when defendant became a fugitive.

The Court agrees with the magistrate judge that the Tenth Circuit would follow the majority rule and adopt the fugitive tolling doctrine in the context of supervised release. The fugitive tolling doctrine is consistent with existing Tenth Circuit precedent concerning the effect of a defendant's fugitive status on his criminal punishment. Of the federal circuit courts of appeal to consider the issue, only the First Circuit has rejected application of the fugitive tolling doctrine. The Court finds that the decisions adopting fugitive tolling are more persuasive, and defendant has failed to offer any meaningful argument that the purpose of supervised release can be achieved while a defendant avoids supervision due to his own wrongful conduct. The Court finds that it has jurisdiction over

7

the violations alleged in the superseding petition (Dkt. # 277), and defendant's motion to quash or dismiss the revocation proceedings is denied.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 298) is **accepted**, and defendant Lewis Clark's motion to quash warrant and dismiss revocation action for lack of subject matter jurisdiction (Dkt. # 286) is **denied**.

**DATED** this 2nd day of April, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE